BERNICE S. LEIBSON, Respondent, v. GERALD S. LEIBSON, Appellant.— In an action for divorce, defendant-husband appeals, from so much of a judgment of the Supreme Court, Nassau County, dated January 27, 1972, granting such relief, as (1) directs him to pay $175 per week for the support and maintenance of plaintiff and the parties' minor son and all reasonable expenses incidental to the son's college education, (2) grants plaintiff the exclusive use and occupancy of the marital abode, (3) enjoins defendant from instituting any action with respect to the title or possession of said premises until the son reaches his majority and (4) awards plaintiff's attorneys $4,000 as counsel fees. Judgment modified, on the law and the facts and in the interests of justice, by reducing the support award from $175 per week to $125 per week and by reducing the counsel fee award from $4,000 to $2,500. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, the awards for support and maintenance and counsel fees beyond the sums to which they are reduced herein constituted an abuse of discretion. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.

LINDEN TOWERS COOPERATIVE No. 1, INC., Appellant, v. GERACE & CASTAGNA, INC., Respondent.— In an action by the owner of a co-operative apartment building against the builder thereof to recover damages for breach of the building contract, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered on October 12, 1971, in favor of defendant, upon the trial court's dismissal of the complaint at the end of plaintiff's case in a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. In its complaint plaintiff alleges that it entered into an agreement with defendant, whereby the latter undertook to construct certain buildings for plaintiff pursuant to certain plans and specifications. Plaintiff claims that defendant failed to properly construct the buildings in compliance with the drawings and specifications and, as a result thereof, the buildings are substantially defective in various respects and are in an unsafe and dangerous condition. At the trial plaintiff produced several witnesses, all of whom have been tenants of various apartments in the buildings since the construction was completed in 1958, who testified to various problems which they experienced ostensibly caused by the faulty workmanship and materials used in construction. Plaintiff's attempt to connect these problems with inherent defects in the construction of the buildings through the testimony of an expert witness was thwarted by the trial court's repeated refusal to accept the expert's testimony on the ground of remoteness. In our opinion, a mere lapse of four and a half years from the date of construction to the date of the expert's inspection and report is not so remote that a jury may not properly consider their value in the ultimate determination of the lawsuit. Furthermore, we believe that plaintiff, through the testimony of its witnesses, made out a prima facie case which should have been submitted to the jury. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Christ, JJ., concur.